**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

DOUGLAS JAMES MOORE, II, #324763,

                        **Petitioner,**

v.                                            **2:06CV695**

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

                        **Respondent.**

<u>**FINAL ORDER**</u>

      This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's convictions on March 24, 2003, in the Circuit Court of York County, Virginia, for one count of distribution of cocaine; four counts of distribution of cocaine, second or subsequent offense; possession of a firearm by a convicted felon; and possession of a firearm while in possession of cocaine, as a result of which he was sentenced to serve twenty years in the Virginia penal system.

      The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on June 7, 2007. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on July 13, 2007, objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge filed June 7, 2007.  It is, therefore, ORDERED that the petition be DENIED and DISMISSED on the basis of petitioner's procedural defaults in the state system and on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's finding that his "due process" claim is procedurally defaulted, the objection is without merit.  In his state habeas petition, petitioner alleged that he was denied a fair trial because his counsel failed to object to the prosecutor's reference to petitioner's prior conviction, which raises a state claim.  However, in the present petition, the claim states that petitioner was denied "due process," which raises a specific federal claim.  In the absence of presentation of the claim, as stated herein, to the state court for resolution, the claim is procedurally defaulted in this Court.

To the extent that petitioner objects to the Magistrate Judge's findings and recommendations regarding the ineffective assistance of counsel claims, the objections are without merit.  Petitioner's claims do not meet the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984), because none of them reflect both deficient legal representation and actual prejudice.

Petitioner's objection to Claim 1, that counsel failed to adequately cross-examine and impeach a key prosecution witnesses about a prior inconsistent statement, is without merit.  Courts do not second-

guess counsel on the handling of witnesses.  The record clearly reveals that counsel sought specific information and circumstances from the witness in question.  His failure to refer to an inconsistent statement, when he was able to impeach the witness through other evidence, fails to establish inadequate performance.

Petitioner's objections to Claims 3(a) and (b), counsel's failure to object to "buy money" and drug certificates, are without merit.  The "buy money" was referred to but not introduced, and the drug certificates were introduced, but petitioner claims they were not filed with the court in accordance with Virginia law.  Regarding the "buy money," the circuit court found that petitioner provided no support for the claim, only argument.  The Supreme Court of Virginia denied the appeal, finding no error in the circuit court's ruling.  Regarding the drug certificates, the circuit court determined that the certificates were filed in accordance with state law, and the record confirms the fact.  Counsel had no valid objection to either piece of evidence, and there is no law to support petitioner's assertions.

Petitioner's objection to Claim 4, that counsel failed to object to a receipt for repairs to petitioner's automobile, is without merit.  Counsel was unaware of the receipt until the receipt was offered in evidence at trial.  The circuit court noted that there was no discovery order in the case, and therefore, counsel had no basis upon which to object.  Second, the court noted that the receipt was not exculpatory in nature, and there was no requirement that the document be turned over prior to trial.

Petitioner's objection to Claim 5, a broad attempt to smear counsel's efforts, is without merit.  The claims are not supported by the

record; they do not address conduct which, in and of itself, is deficient legal representation; and they do not lead to actual prejudice to petitioner's defense.  They simply represent a catch-all claim.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment.  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.  See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

/s/ Jerome B. Friedman
**UNITED STATES DISTRICT JUDGE**

**Norfolk, Virginia**

**August 1, 2007**

4